IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 04-cv-02288-PSF-MJW

JUNCTION MANAGEMENT SOLUTIONS, LLC
d/b/a/ JUNCTION SOLUTIONS, LLC, a Delaware corporation,

    Plaintiff,

v.

MBS DEV, INC., a Colorado corporation;
STEVE GUILLAUME and
LAURA GUILLAUME, Individually and as President of MBS DEV, Inc.,

    Defendants.

## ORDER ON FEES

This matter is before the Court on Plaintiff's Motion for Attorneys Fees, Costs and Expenses (Dkt. # 53), filed September 18, 2006, and Defendants' Motion for Leave to File Surreply to Plaintiff's Reply (Dkt. # 60), filed November 3, 2006. The Court having reviewed the submissions of counsel and being fully apprised now enters the following Order.

### I.    BACKGROUND

Plaintiff Junction Management Solutions, LLC ("Junction") originally filed this case on November 3, 2004, seeking injunctive relief and damages for the following claims: misappropriation of trade secrets under the Illinois Trade Secrets Act, intentional interference with contractual relations and breach of fiduciary duty; breach of agreement against Defendant Steve Guillaume; and intentional interference with

contractual relations against Defendant MBS DEV, Inc. ("MBS") and Defendant Laura Guillaume. After a hearing, this Court denied Junction's motion for injunctive relief by Order dated November 5, 2004. On December 13, 2004, parties filed a Joint Motion to Dismiss with Prejudice (Dkt. # 21), which was granted on December 15, 2004 (Dkt. # 22). The Court dismissed the case with prejudice by administratively closing it while retaining jurisdiction for purposes of enforcing parties' settlement agreement, signed by parties to the suit as well as Jeffrey Ernest, Mitch Tucker and Kenneth Paul, former employees of Junction who left to join MBS.

Over a year later, on March 31, 2006, MBS and Proposed Intervenor-Counterclaimants Ernest, Tucker and Paul filed a motion to enforce the settlement agreement (Dkt. # 23). They claimed that plaintiff violated the settlement agreement by filing an action on March 14, 2006 against them in Cook County, Illinois based on the allegation that MBS, Ernest, Tucker and Paul violated employee agreements and confidentiality agreements which were addressed in the settlement agreement. Junction also accused MBS, Ernest, Tucker and Paul of violating the Illinois Trade Secrets Act. Ernest, Tucker and Paul also filed a motion to intervene (Dkt. # 24). Junction filed a motion to stay (Dkt. # 31), a motion to dismiss for failure to state a claim (Dkt. # 32) and a motion to dismiss pending determination of the first-filed Illinois action (Dkt. # 33).

At a hearing before this Court on May 23, 2006, this Court denied the motion to enforce the settlement agreement, denied the motion to intervene, denied the motion to stay, and granted both of plaintiff's motion to dismiss. In an Order dated June 5, 2006,

the Court clarified that this dismissal was without prejudice (Dkt. # 52).  On September 18, 2006, Junction filed the instant motion for fees and costs (Dkt. # 53).

## II.     MOTION FOR FEES, COSTS AND EXPENSES

Junction seeks its fees and related costs, totaling $59,581.77, pursuant to ¶ 20 of the Settlement Agreement, attached as Ex. A to Junction's motion for fees, settling the original dispute before this Court in December of 2004.  Paragraph 20 of the Settlement Agreement provides that "[i]n the event that an action or proceeding is commenced by either party to enforce the terms of this Agreement, the prevailing party in such action or proceedings shall be entitled to receive from the other party the amount of reasonable attorneys' fees and other costs and expenses in connection therewith in addition to any other relief."  Because defendants unsuccessfully sought to enforce the settlement agreement, Junction contends it is a prevailing party under the Settlement Agreement and therefore entitled to its fees and related costs and expenses.

Defendants respond that Junction is not a prevailing party and that attorneys fees are not recoverable in a declaratory judgment action such as the recent dispute where the Settlement Agreement only allows fees to enforce the Agreement.  Alternatively, defendants argue Junction's fees are unreasonable, excessive, duplicative, and unnecessary, and the bulk of the requested fees and costs are independent of the Settlement Agreement.

The Settlement Agreement itself does not define "prevailing party."  Parties agree that Illinois law governs the Settlement Agreement.  See Defs.' Resp. at 12 (Dkt.

# 57); Pl.'s Reply at 1 (Dkt. # 59).  As Junction cites in its reply brief, "[u]nder Illinois law, a party is a 'prevailing party' for purposes of awarding attorney fees when he obtains an affirmative recovery."  Pl.'s Reply at 3 (Dkt. # 59) (citing *Grossinger Motorcorp v. Am. Nat'l Bank & Trust Co., Inc.*, 240 Ill. App. 3d 737, 753, 607 N.E.2d 1337, 1348 (Ill. App. 1992).  Also under Illinois law, "contractual provisions for attorney fees must be strictly construed."  *Grossinger*, 240 Ill. App. 3d at 753.

Here, this Court specifically determined in dismissing defendants' motions without prejudice that it was not predisposing any underlying dispute, or whether such dispute implicated the Settlement Agreement or not.  *See* Tr. of May 23 at 22-23.  This Court also specifically contemplated that the Settlement Agreement may in fact be instrumental in resolving the dispute, and perhaps may provide an absolute defense to defendants in the Illinois action.  *Id.* at 22.  However, it found that the venue provision in the Settlement Agreement did not necessarily foreclose the Illinois action, *id.*, and further determined that the district court in Illinois should make the decision as to whether a transfer to this district is appropriate.  *Id.* at 24.  Therefore, this Court did not make a decision on the merits or otherwise provide affirmative recovery to Junction.  Based on the record before the Court, the Illinois action has not been resolved in favor of either side as of yet.  Construing the contractual provision for fees strictly, the Court finds that Junction is not a "prevailing party" under Illinois law and therefore it is not entitled to fees pursuant to ¶ 20 of the Settlement Agreement.  This ruling and this Court's limited residuary jurisdiction does not foreclose the Illinois court hearing that

case from awarding fees pursuant to the Settlement Agreement if it deems such an award appropriate.

### III.     CONCLUSION

For the foregoing reasons, Junction's Motion for Attorneys Fees, Costs and Expenses (Dkt. # 53) is DENIED. In light of this Order and its analysis, defendants' Motion for Leave to File Surreply to Plaintiff's Reply (Dkt. # 60) is DENIED as moot.

DATED:  January 22, 2007

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge